AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

JEROME PENROSE

**CRIMINAL COMPLAINT**

CASE NUMBER: 05M-1069-JGD

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about 1/10/05, 1/27/05, and 2/8/05 in Essex county, in the District of Massachusetts defendant(s) did, (Track Statutory Language of Offense)

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, posses, in and affecting commerce, certain firearms, to wit: a Baikal, .380 caliber pistol, bearing serial number A041360; a Charter Arms, Bulldog .44 Special caliber revolver, bearing serial number 261366; and a Winchester, model 94AE, 30-30 caliber rifle, bearing serial number 6087606

in violation of Title 18 United States Code, Section(s) 922(g)(1)

I further state that I am a(n) ATF Special Agent and that this complaint is based on the following
Official Title

facts:

See attached affidavit

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

03-15-2005                                           at            Boston, Massachusetts
Date                                                                City and State

JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE                      Judith Gail Dein
Name & Title of Judicial Officer                    Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT OF JOHN L. Kelter

I, John L. Kelter, being duly sworn, do state that:

1. I am a Special Agent ("S/A") with the Bureau of Alcohol, Tobacco, and Firearms and Explosives ("ATF"). I have been an ATF Special Agent for approximately three years. Prior to my employment with ATF, I was a duly sworn police officer in Lynn, Massachusetts for seven years. During this time, I have been involved in numerous investigations of violations of federal and state firearms and controlled substance laws. Currently, I am assigned to the Boston Field Division that, in part, works with other federal, state, and local police departments in and around Essex County, investigating and prosecuting violations of federal and state firearms and controlled substance laws.

2. Based on my training and experience as an ATF Special Agent, I know that it is a violation of 18 U.S.C. §922(g)(1) for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3.  The facts stated herein are based upon my own personal involvement in this investigation and my discussions with other law enforcement officers involved in this investigation. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts which I believe are sufficient to establish the requisite probable cause.

4.  For approximately three months, I have been involved in an investigation of the activities of Jerome PENROSE ("PENROSE"). A check of PENROSE's criminal history reveals that PENROSE has two convictions for Domestic Assault & Battery out of Lynn District Court, Docket Numbers 0213CR4024A and 0113CR2594A, one sustained in 2001 and the other sustained in 2002. This crime carries a potential sentence of up to two and one half years in jail. Based on my own personal investigation, information from a confidential reliable informant (CI-1), and the assistance of other ATF agents, I have learned the information detailed in the following paragraphs.

5.  On January 10, 2005, CI-1, acting under my direction, made arrangements for ATF S/A Stephanie Schafer, who was acting in an undercover capacity, to purchase a handgun from PENROSE. Prior to meeting with PENROSE, CI-1 was equipped by me with a

-2-

body wire (transmitter) and mini-recorder. ATF S/A Schafer was equipped with a body wire and was provided by me with ATF funds in the amount of $500.00 in United States currency.

6. On the same date, at approximately 1:00 p.m. and thereafter, ATF surveillance units and I observed and monitored S/A Schafer and CI-1 as they met with PENROSE in the ATF undercover (UC) vehicle in the parking lot of the Building 19 store, 810 Lynnway, Lynn, Massachusetts. ATF surveillance units observed PENROSE arrive in a white Lexus motor vehicle bearing MA plate 7531RL. CI-1 was observed exiting the UC vehicle and speaking to PENROSE through the passenger window of his vehicle. CI-1 was observed entering the rear seat of the UC vehicle while PENROSE exited his vehicle and entered the front passenger seat of the UC vehicle. S/A Schafer later informed me that PENROSE showed her a .380 caliber pistol, which PENROSE had wrapped in a t-shirt. PENROSE informed S/A Schafer that he would sell her the firearm for $150.00. S/A Schafer purchased the firearm from PENROSE for $150.00 in U.S Currency. After spending several minutes in the UC vehicle, PENROSE was observed exiting the UC vehicle and entering his vehicle. PENROSE then left the store lot.

7.  Immediately after the purchase, I met with S/A Schafer and CI-1 at a pre-arranged location, deactivated the electronic equipment, and took possession of the firearm, a Baikal .380 caliber pistol, bearing serial number A041360. A subsequent trace of this firearm revealed that it was purchased in Nebraska in 1996, and has thus moved in interstate commerce.

8.  On January 27, 2005, CI-1, acting under my direction, made arrangements for S/A Schafer, acting in an undercover capacity, to purchase a handgun from PENROSE. Prior to meeting with PENROSE, CI-1 was equipped by me with a body wire (transmitter) and mini-recorder. S/A Schafer was also equipped with a body wire and was provided by me with ATF funds in the amount of $700.00 in United States currency.

9.  On the same date, at approximately 3:30 p.m. and thereafter, ATF surveillance units and I observed and monitored S/A Schafer and CI-1 as they met with PENROSE, in the parking lot of the Building 19 store, 810 Lynnway, Lynn, Massachusetts. ATF surveillance units observed PENROSE arrive in a black Lexus SUV bearing MA plate 71AB49. PENROSE was accompanied by an unknown black male who was in the front passenger seat of this vehicle. CI-1 was observed exiting the UC vehicle and speaking to PENROSE through the passenger window of his vehicle. CI-1 was observed

-4-

entering the rear seat of the UC vehicle while PENROSE exited his vehicle and entered the front passenger seat of the UC vehicle. S/A Schafer later informed me that PENROSE entered the UC vehicle holding a folded piece of paper that contained a firearm. PENROSE showed S/A Schafer the firearm, a .44 caliber revolver, and informed S/A Schafer that he would sell her the firearm for $450.00. S/A Schafer purchased the firearm from PENROSE for $450.00 in U.S Currency. After spending several minutes in the UC vehicle, PENROSE was observed exiting the UC vehicle and entering the black Lexus SUV. PENROSE then exited the black Lexus and reentered UC vehicle. S/A Schafer informed me that PENROSE at this point gave her two rounds of .44 caliber ammunition, which the unidentified individual in the black Lexus had given PENROSE. PENROSE was then observed exiting the UC vehicle and entering the black Lexus. PENROSE and the unidentified male then left the store lot.

10. Immediately after the purchase, I met with S/A Schafer and CI-1 at a pre-arranged location, deactivated the electronic equipment, and took possession of the firearm, a Charter Arms, Bulldog .44 caliber revolver, bearing serial number 261366. A subsequent trace of this firearm revealed that it was purchased in New York, and has thus moved in interstate commerce.

11.  On February 8, 2005, CI-1, acting under my direction, made arrangements for S/A Schafer to purchase a firearm from PENROSE.  Prior to meeting with PENROSE, CI-1 was equipped by me with a body wire (transmitter) and mini-recorder.  S/A Schafer was also equipped with a body wire and was provided by me with ATF funds in the amount of $800.00 in United States currency.

12.  On the same date, at approximately 1:35 p.m. and thereafter, ATF surveillance units and I observed and monitored S/A Schafer and CI-1 as they met with PENROSE in the ATF UC vehicle in the parking lot of the Building 19 store, 810 Lynnway, Lynn, Massachusetts.  ATF surveillance units observed PENROSE arrive in a brown Toyota sedan bearing IL plate 5030192.  CI-1 was observed exiting the front seat of the UC vehicle and entering the rear seat, while PENROSE was observed exiting the Toyota and entering the front passenger seat of the UC vehicle with an object in his hands.  S/A Schafer later informed me that upon entering the UC vehicle, PENROSE showed her a rifle, which he had carried into the UC vehicle wrapped in a pair of blue jeans.  PENROSE informed S/A Schafer that he would sell her the firearm for $600.00.  S/A Schafer purchased the firearm from PENROSE for $600.00 in U.S Currency.  After spending several minutes in the UC vehicle, PENROSE was observed exiting the UC

vehicle and entering the brown Toyota. PENROSE then left the store lot.

13. Immediately after the purchase, I met with S/A Schafer and CI-1 at a pre-arranged location, deactivated the electronic equipment, and took possession of the firearm, a Winchester model 94AE, 30-30-caliber rifle, bearing serial number 6087606. A subsequent trace of this firearm reveal that it was purchased in Maine in 1994, and has thus moved in interstate commerce.

14. Based on the above, I believe probable cause exists to conclude that on January 10, 2005, January 27, 2005, and February 8, 2005, PENROSE, a convicted felon, knowingly and willfully possessed firearms in and affecting commerce, in violation of 18 U.S.C. §922(g)(1).

_____
John L. Kelter
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn and subscribed to before me this 15th day of March, 2005

_____
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

-7-

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |
|---|---|

**Place of Offense:** _____  **Category No.** II  **Investigating Agency** ATF

**City** Lynn  **Related Case Information:**

**County** Essex

Superseding Ind./ Inf. _____  Case No. _____
Same Defendant _____  New Defendant _____
Magistrate Judge Case Number  05M-1069-JBD
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name  Jerome Penrose   Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address _____

Birth date (Year only): 1982  SSN (last 4 #): 0605  Sex M  Race: Black  Nationality: Jamaica

**Defense Counsel if known:** _____  **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA  _[signature]_  Bar Number if applicable _____

Interpreter:  ☐ Yes  ☒ No   List language and/or dialect: _____

Matter to be SEALED:  ☐ Yes  ☒ No

☐ Warrant Requested   ☐ Regular Process   ☒ In Custody

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____
☒ Already in State Custody  Middleton HOC   ☐ Serving Sentence  ☒ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

**Charging Document:**  ☒ Complaint  ☐ Information  ☐ Indictment

**Total # of Counts:**  ☐ Petty ____  ☐ Misdemeanor ____  ☐ Felony  3

Continue on Page 2 for Entry of U.S.C. Citations

☒ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** _____  **Signature of AUSA:** _[signature]_

✎JS 45  (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

**District Court Case Number**  (To be filled in by deputy clerk): _____

**Name of Defendant**    Jerome Penrose

## U.S.C. Citations

|  | **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|---|
| Set 1 | 18 U.S.C. § 922(g)(1) | Felon in possession of firearms | 3 |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**