UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEROME PENROSE | Criminal No. 05-CR-10094 |

**DEFENDANT JEROME PENROSE'S MOTION TO COMPEL THE PRODUCTION OF NON-DISCLOSED INFORMATION AND DOCUMENTS**

Defendant, Jerome Penrose, pursuant to Fed. R. Crim. P. Rule 16(a)(1)(D), Local Rule 116.1, 116.2, and 116.6(A), hereby moves this Court to compel the Government to produce the documents detailed below which the Government has declined to produce. These documents are critical to the preparation of Mr. Penrose's defense and must be disclosed by the Government in accordance with the Federal Rules of Criminal Procedure as well as the Local Rules governing disclosure of exculpatory evidence.

**ARGUMENT**

Under the Federal Rules of Criminal Procedure, Rule 16(a)(1)(D) requires that "[u]pon a defendant's request, the government must permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. Proc. Rule 16(a)(1)(D).

Under this Rule, the Government is required to produce to a defendant any information within its possession which may be used in its case-in-chief.

The Government's discovery obligations are further explained in the Local Rules of this District. Under these Local Rules, exculpatory information required to be disclosed within 28 days of arraignment includes:

> (c) A statement whether any promise, reward or inducement has been given to any witness whom the government anticipates calling in its case-in-chief, identifying by name each such witness and each promise, reward, or inducement, and a copy of any promise, reward, or inducement reduced to writing.
> (d) A copy of any criminal record of any witness identified by name whom the government anticipates calling in its case-in-chief.
> (e) A written description of any criminal cases pending against any witness identified by name whom the government anticipates calling in its case-in-chief.

See Local Rule 116.2(B)(1)(c)-(e).

Under Brady and its progeny, the government is required to produce all exculpatory evidence to a defendant automatically. See Brady v. Maryland, 373 U.S. 83 (1963). The Snell court held that the information requested by Rule 116.2(B) is "both classic Brady material and is specially mentioned in the Local Rules." United States v. Snell, 899 F.Supp. 17, 22 (D.Mass. 1995)(focusing specifically on 116.2(B)(1)(c)). The court goes on to state that Rule 116 requires "full Brady disclosure, and disclosure now, unless and until the Government makes a showing sufficient to meet the requirements of the Local Rule." See id.; United States v. Hastings, 847 F.2d 920, 928 (1st Cir. 1988)("We fully agree with the district court that it would have been an intolerable travesty had the defendant pled guilty before learning about the rewards and inducements evidence which the government possessed.")

Under Local Rule 116.6, the government can attempt to decline to disclose information if, and only if, disclosure would be "detrimental to the interests of justice." See Local Rule 116.6.  The government has declined to produce this necessary information claiming that there may be a "risk of harm to and/or intimidation of witnesses."  See Government's Discovery Letter, May 18, 2005.  This non-descript excuse is inadequate and does not clearly show how disclosure of this "classic Brady material…specially mentioned in the Local Rules" is "detrimental to the interests of justice."  See Snell, 899 F.Supp. at 22; Local Rule 116.6.

## CONCLUSION

The Defendant is entitled to the above requested discovery under Rule 16 as well as the Local Rules because the Defendant is entitled to adequately prepare his defense, investigate the allegations against him and to present the jury with a full and fair representation of all the facts in this case.  Indeed, the United States Supreme Court has opined that "[t]he need to develop all relevant facts in the adversary system is both fundamental and comprehensive.  The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts.  The very integrity of the judicial system depend[s] on full disclosure of all the facts, within the framework of the rules of evidence." United States v. Nixon, 418 U.S. 683, 709 (1974).  As a result, the Defendant is entitled to discovery of all the facts in this case.

        Respectfully submitted,

        JEROME PENROSE

        By his attorneys,

        __/s/ Jessica C. Lowney_____
        Tracy A. Miner (BBO #547137)
        Jessica C. Lowney (BBO #655758)
        Mintz, Levin, Cohn, Ferris,
          Glovsky and Popeo, P.C.
        One Financial Center
        Boston, MA  02111
        (617) 542-6000

Dated: July 1, 2005