

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*               *United States Courthouse, Suite 9200*
                                                *1 Courthouse Way*
                                                *Boston, Massachusetts  02210*

July 15, 2005

**BY ELECTRONIC FILING**

Tracy A. Miner, Esq.
Jessica C. Lowney, Esq.
Mintz, Levin, Cohn, Ferris,
 Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

    Re:  United States v. Jerome Penrose
         Criminal No. 05-10094-RCL

Dear Ms. Miner and Ms. Lowney:

    This is in response to your discovery letter of July 1, 2005.  The numbered responses correspond to your numbered requests.

    1.  The government has produced recordings and videotapes of the relevant transactions, to the extent such exist.  Notes and memoranda relating to such are not discoverable at this juncture.

    2.  The government is aware of no telephone records of the defendant obtained in connection with this investigation.

    3.  Statements of witnesses are not subject to disclosure except in accordance with the Jencks Act.  See 18 U.S.C. § 3500.  Statements of non-witnesses are not subject to disclosure at all, unless they contain Brady material (and the government is aware of none that do) or unless they contain statements inconsistent with the statements of witnesses the government anticipates calling in its direct case, in which case they are not subject to disclosure until 21 days before trial.  See L.R. 116.2(B)(2)(c).

    4.  To the extent this request seeks disclosure under L.R. 116.2(B)(1)(c) of a promise, reward, or inducement to a witness in the form of a promise not to prosecute such person, no such

promise, reward, or inducement has been made or extended.

    5.   See response to 4.

    6.   Copies of notes generally are not subject to disclosure at all. Such notes, if any, as are subject to disclosure are discoverable only in accordance with the Jencks Act and not at this juncture.

    7.   The government has no duty to provide information equally available to the defendant in the public record. That being said, the government is aware of no such testimony.

    8.   The government will identify any open criminal case against a witness the government anticipates calling in its direct case. The defendant is not entitled to information regarding civil cases (assuming there were any), and, with respect to investigations, is entitled only to information regarding prosecutable federal offenses committed by a witness, and is not entitled to this information until 21 days before trial.

    9.   See response to 8.

    10-11.   Such information is not subject to disclosure.

    12.   The government is aware of no polygraph examination having been administered to any witness the government anticipates calling in its direct case.

    13.   The government has made no promise of leniency to any witness whom the government anticipates calling in its direct case.

    14.   The government is aware of no payments to any witness the government anticipates calling in its direct case.

    15.   While the term "special arrangements" is vague, the government is aware of no such arrangements having been made for any witness whom the government anticipates calling in its direct case that would be subject to disclosure under L.R. 116.2(B)(1)(c).

    16.   Such inconsistent statements are not subject to disclosure until 21 days before trial. L.R. 116.2(B)(2)(b).

    17.   Information casting doubt on the credibility of a witness the government anticipates calling in its direct case is

not subject to disclosure until 21 days before trial.  L.R. 116.2(B)(2)(a).

    18.  Such information regarding a witness the government anticipates calling in its direct case is not subject to disclosure until 21 days before trial.  L.R. 116.2(B)(2)d).

    19.  See response to 17.

    20.  The government will provide the name of this individual under separate cover.  This individual's date of birth, social security account number, and addresses are not discoverable at any juncture.  The matters requested at subparagraphs e-h are either not subject to disclosure or, to the extent known to the government, are not subject to disclosure until 21 days before trial.  L.R. 116.2(B)(2).  The statements of the individual are not subject to disclosure except in accordance with the Jencks Act.

    21.  Statements of this individual or of agents are not subject to disclosure except in accordance with the Jencks Act. Information tending to cast doubt on the credibility of this individual is not subject to disclosure until 21 days before trial.  L.R. 116.2(B)(2)(a).

    22.  The government is aware of no such payments.

    23.  Statements of a witness, in whatever form, are not subject to disclosure except in accordance with the Jencks Act. The defendant is entitled only to information regarding promises, rewards, or inducements, not to government discussions regarding such.  Information tending to cast doubt on the credibility of a witness the government anticipates calling in its direct case is not subject to disclosure until 21 days before trial.  L.R. 116.2(B)(2)(a).  Internal government work product discussing such matters as witness credibility is not discoverable (although such discussions may involve information that is subject to disclosure under L.R. 116.2(B)(2)(a)).

    24-25.  The defendant has been provided with the relevant reports of examinations and tests but is not entitled to the other information requested.

    26.  The government is aware of no lost or destroyed evidence.

    The government continues to request reciprocal discovery pursuant to  Rule 16(b) of the Federal Rules of Criminal

Procedure and Local Rule 116.1(D).

    Please call the undersigned Assistant U.S. Attorney at 617-748-3247 if you have any questions.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                        By:
                             /s/Robert E. Richardson
                             ROBERT E. RICHARDSON
                             Assistant U.S. Attorney

cc: Hon. Judith Gail Dein (by e-filing)